IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ANDRONICO PEDRAZA, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:14-CV-00311-RWS |
| HALL COUNTY, GEORGIA, : | |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

This case comes before the Court on Defendant's Motion to Dismiss [5]. After reviewing the record, the Court enters the following Order.

## **Background**

On December 30, 2012, Plaintiff Andronico Pedraza, Jr. was arrested for disorderly conduct and taken to Hall County Jail. (Compl. ¶¶ 5–6). While Plaintiff was handcuffed at the jail, Deputy David Pirkle ("Pirkle") struck him in the back of the head. (Compl. ¶¶ 7). As a result of this incident, Pirkle was indicted for violation of his oath of office and battery, and pled guilty to the battery charge. (Compl. ¶¶ 8–9).

Plaintiff now brings this action against Defendant Hall County, Georgia, alleging two claims. First, Plaintiff brings a claim under 42 U.S.C. § 1983 for the alleged violation of his Eighth Amendment "right to be free from excessive force and from cruel and unusual punishment." (Compl. ¶¶ 13, 16). Second, Plaintiff seeks to hold Hall County liable under state law for the battery committed by Pirkle. (Compl. ¶¶ 17). Hall County then filed this motion to dismiss both claims for failure to state a claim. (Dkt. [5] at 1).

## Discussion

### I. Motion to Dismiss Legal Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

2

(quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Hall County has moved to dismiss Plaintiff's complaint for failure to state a claim. This motion is unopposed. See L.R. 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). However, an unopposed motion does not mean that the moving party automatically prevails; rather, the Court is still to consider the merits of the

3

(Rev.8/82)

motion. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (in an unopposed motion for summary judgment, the district court must "indicate that the merits of the motion were addressed"); Simpson v. Countrywide Home Loans, 2010 WL 3190693, at *3 (N.D. Ga. Apr. 26, 2010) (holding that "unopposed" under Northern District of Georgia Local Rule 7.1(B) does not mean the non-responsive party "abandoned" its claims in the motion to dismiss context). Therefore, the Court will consider the merits of Hall County's Motion to Dismiss [5].

## II.     Hall County's Motion to Dismiss

### A.     Section 1983

Plaintiff raises his first claim against Hall County under 42 U.S.C. § 1983 for cruel and unusual punishment in violation of the Eight Amendment. Under Section 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

4

42 U.S.C. § 1983.  "In order to prevail in a civil rights action under Section 1983, 'a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law.' "  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th  Cir. 1993) (quoting Bannum, Inc. v. City of Ft. Lauderdale, 901 F.2d 989, 996-97 (11th  Cir. 1990)).  Local government units such as counties constitute "persons" subject to suit under Section 1983.  Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978).  However, the Supreme Court "has placed strict limitations on municipal liability under [Section] 1983."  Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003).

"[A] municipality cannot be held liable under [Section] 1983 on a respondeat superior theory."  Monell, 436 U.S. at 691.  Local governing bodies, such as counties, can be sued under Section 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  Id. at 690.  Thus, to assert a Section 1983 claim against a

5

county, a plaintiff must allege (1) that a county employee or policymaker committed the constitutional violation, and (2) did so pursuant to an official county policy or custom. Id. at 694; Grech, 335 F.3d at 1329.

Here, Plaintiff cannot hold Hall County liable for the allegedly unconstitutional acts of Deputy Pirkle. First, Pirkle is not an employee of Hall County. Rather, he is an employee of the State of Georgia who falls outside the county's authority. "In contrast to the State, counties have no authority or control over, and no role in, Georgia sheriffs' law enforcement functions . . . Counties also have no role in the training or supervision of the sheriffs' deputies." Grech, 335 F.3d at 1336. Indeed, "[i]t is well-settled law in Georgia that a county and its commissioners are without authority over the sheriff and his deputies." Duffey v. Bryant, 950 F.Supp. 1168, 1174 (M.D. Ga. 1997). "Holding counties liable in the absence of control over sheriffs would ignore Monell's conception of counties as corporations, would substitute a conception of counties as mere units of geography, and would impose even broader liability than the respondeat superior liability rejected in Monell." Grech, 335 F.3d at 1331. Thus, Plaintiff fails to meet the first step of the analysis.

6

Second, Plaintiff fails to allege that Pirkle's actions were done pursuant to any custom or policy of Hall County. "To establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice." Depew v. City of St. Marys, Georgia, 787 F.2d 1496, 1499 (11th Cir. 1986). Random acts or isolated incidents are not sufficient. Id. Here, Plaintiff alleges that Hall County "had a history of similar violence," pointing to two previous incidents where Deputy Dustin Charlton struck a detainee at Hall County Jail. (Compl. ¶¶ 10–12). This does not establish a widespread practice of abuse such that the conduct of another deputy would create county liability. See Hawk v. Klaetsch, 522 F. App'x 733, 736 (11th Cir. 2013) (finding three incidents of alleged excessive force over a five-year span insufficient to establish a custom that would create Section 1983 liability). Therefore, Plaintiff cannot hold Hall County liable under Section 1983 and his claim is due to be dismissed.

B.   Battery

Plaintiff's second count is a state law battery claim. However, this claim is barred by sovereign immunity. Under both the 1991 Amendment to the Georgia Constitution and the Georgia Tort Claims Acts, sovereign immunity extends to the counties and will be retained unless waived by the legislature.

7

Gilbert v. Richardson, 452 S.E.2d 476, 479 (Ga. 1994); O.C.G.A. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute."). Thus, Hall County is immune from tort claims, like battery, unless the Georgia Assembly specifically waives that sovereign immunity. The Court is aware of no statute that waives Hall County's immunity under the circumstances of this case, and Plaintiff fails to show any such waiver.

Even without sovereign immunity, Hall County cannot be held liable for Deputy Dirkle's actions. Under Georgia law, a deputy is the agent of the sheriff, not the county. Wayne County v. Herrin, 437 S.E.2d 793, 798 (Ga. Ct. App. 1993). As a result, only the "sheriff, and not the county, is liable for the misconduct of his deputies." Id. Therefore, Plaintiff's state law battery claim is due to be dismissed.

## Conclusion

In accordance with the foregoing, Defendant's Motion to Dismiss [5] is **GRANTED**.

**SO ORDERED**, this   31st   day of March, 2015.

                                                              _____
                                                              **RICHARD W. STORY**
                                                              United States District Judge